UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**LEE MARCELL CAMPBELL**                                                                                          **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 3:24-CV-P179-JHM**

**DIRECTOR JERRY COLLINS**                                                                              **DEFENDANT**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Lee Marcell Campbell is incarcerated as a pretrial detainee at Louisville Metro Department of Corrections (LMDC). Plaintiff sues LMDC Director Jerry Collins in his official capacity only.

Plaintiff states that he has been made co-counsel in his state-court criminal cases and that his "discovery" is on a DVD and flash drive in the possession and control of LMDC. He alleges that he is only allowed to view his DVD and flash drive twice weekly for two hours total even though he has three pending criminal cases. He states that that this amount of time is not enough to allow him to prepare motions in his criminal cases since it takes him between three and four weeks just to prepare one motion. Finally, Plaintiff states that he has requested that the state court judges in his criminal actions order that he be allowed more time to access his discovery materials, but that they have both stated that they are "not allowed to give it to me."

As relief, Plaintiff asks the Court to issue an injunction ordering Defendant Collins to allow him to view his "discovery DVD" for eight hours a week.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Prisoners have a constitutional right of meaningful access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Meaningful access to the courts under the First Amendment will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830-31; *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, Plaintiff must plead actual injury, and no actual injury occurs without a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff alleges no actual injury to his criminal defense due to the alleged lack of access to his discovery materials. In addition, "'[w]here a defendant is represented by counsel in his criminal case, his constitutional right of access to the courts in that proceeding is satisfied as a matter of law.'" *Summers v. Louisville Metro Gov't*, No. 3:23-CV-00189-CHB, 2023 U.S. Dist. LEXIS 160165, at *14 (W.D. Ky. Sept. 11, 2023) (quoting *Jackson v. Stark*, No. 3:19-CV-0005-GFVT, 2019 U.S. Dist. LEXIS 84434, at *4 (E.D. Ky. May 17, 2019)); *see also Weddle v. Dunbar*, No. 1:15-CV-00009-GNS, 2016 U.S. Dist. LEXIS 45693 at, *6 (W.D. Ky. Apr. 5, 2016); *Lawson v. Dotson*, No. 3:11CV-P384-H, 2014 U.S. Dist. LEXIS 4872, at *9 (W.D. Ky. Jan. 15, 2014); *Cooper v. Shelby Cnty. Justice Ctr.*, No. 99-6365, 2000 U.S. App. LEXIS 15714, at *7 (6th Cir. June 26, 2000) ("[S]ince counsel was appointed to represent Cooper in the pending criminal proceedings, his access to the court has been protected.") (citing *Holts v. Pitt*, 602 F.2d 639 (1983)).

Thus, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

### III.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: July 1, 2024

*signature*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011